Argued August 31, 1978, affirmed March 5, 1979

OREGON STATE EMPLOYES ASSOCIATION,
*Petitioner,*

*v.*

DEPARTMENT OF GENERAL SERVICES, et al,
*Respondents.*

(ERB No. C-167-76, CA 11075)

592 P2d 562

Bromleigh S. Lamb, Salem, argued the cause and filed the brief for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondents. On the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

This is an appeal from an order of the Employment Relations Board (ERB) dismissing petitioner's unfair labor practice complaint protesting respondent's refusal to submit a grievance to arbitration under the terms of a collective bargaining contract governing the parties.

Petitioner, the certified bargaining agent for classified employes of the Department of General Services, represented an employe of the department in a grievance procedure regarding a work assignment which petitioner contended was outside the department's written description of the employe's job classification.[1] After the Department and the Personnel Division denied relief,[2] petitioner requested that the grievance be submitted to binding arbitration, pursuant to the following provision of the collective bargaining contract:

Article XI, Section 3. Grievance Arbitration:

"When a grievance matter has been processed through an agency grievance procedure without satisfaction for the grieving employe, the employe or his/her representative may present the matter for review by the Personnel Division. Should such review produce a decision adverse to the employe, or should there be no written decision from the Personnel Division within fifteen days of filing the grievance, the employe or his/her representative may, within fifteen days thereafter:

"(1) *Appeal any matter for which there is exclusive statutory remedy to the Public Employe Relations Board.*

---

[1] On April 30, 1976 the employe, who was in the classification of Custodial Worker, was instructed to "weed the flower beds at the Division of Employment Building." The employe contended this duty assignment was in the classification of Groundskeeper I.

[2] Both the Department of General Services and the Personnel Division based their denials on the fact that the job of weeding the flower beds would require no more than two hours a week during "the growing season" and that this constituted a minor assignment of the employe's time well within the duties reasonably assigned to a custodial worker.

"(2) In any grievance, the subject of which relates to the application of a written rule, regulation, or policy, or established past practices relating to employment relations, the employe and his/her representative *may elect to appeal the matter through the Public Employe Relations Board or through binding arbitration in accordance with the procedure provided in Section 1 of this Article*[3] * * *." (Emphasis supplied.)

The Department of General Services refused to submit the matter to arbitration, contending that there was an exclusive statutory remedy for the grievance. Petitioner thereupon filed an unfair labor practice complaint with ERB, alleging *inter alia* that the Department's refusal to arbitrate violated the collective bargaining contract and ORS 243.672(1)(g).[4] Like the Department, ERB concluded that there was an exclusive statutory remedy for the grievance under ORS 240.086, and that the department's refusal to arbitrate therefore did not violate the contract or ORS 243.672. Petitioner seeks review of ERB's order dismissing its complaint.

The question is whether ERB's authority under ORS 240.086 is such that petitioner's remedy in this instance is with ERB. We conclude that it is.

ORS 240.086 provides in relevant part:

"The primary responsibility of the board shall be to foster and protect a merit system of personnel administration in state government. In carrying out this function it shall:

"(1) Review and hear comments on any rules or modifications thereof adopted by the Personnel Division and on any schedule adopted by the Department

---

[3] Section 1 sets out the arbitration procedure.

[4] ORS 243.672(1)(g) provides:

"(1) It is an unfair labor practice for a public employer or its designated representative to do any of the following:

"(g) Violate the provisions of any written contract with respect to employment relations including an agreement to arbitrate or to accept the terms of an arbitration award, where previously the parties have agreed to accept such awards as final and binding upon them."

of General Services under ORS 182.435. Such a rule or modification or schedule does not become effective if the board finds that it is arbitrary, improper or contrary to law and disapproves it on that basis.

"(2) Review any personnel action that is alleged by an affected party, or an organization certified by the rules of the board as representing an affected party, to be arbitrary or contrary to law or rule, or taken for political reason, and set aside such action if it finds these allegations to be correct. *The board on its own motion may act with like effect under this subsection.*" (Emphasis supplied.)

We find the emphasized portion above to be particularly significant in determining whether the statute provides an exclusive remedy. Because ERB can act on matters arising under this statute on its own motion, to allow parties to a collective bargaining agreement to submit merit system grievances to arbitration would be to create dual remedies, a situation that would be procedurally untenable. Moreover, the result of permitting a "grievance" of this kind to go to arbitration rather than be processed through the mechanisms of ORS 240.086 would be to give the arbitrators, rather than ERB, the ultimate power over employe classifications and qualifications—a power vested in ERB by ORS 240.215.

Affirmed.